**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS JOSEPH SCHLOEDER, | : | MOTION TO VACATE |
| Reg. No. 64525-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:13-CR-47-ODE-JKL-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:16-CV-398-ODE-JKL |

## <u>ORDER AND FINAL REPORT AND RECOMMENDATION</u>

Movant, Thomas Joseph Schloeder, confined in the Federal Correctional Institution in Ashland, Kentucky, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 34.]  The motion to vacate is before the Court for preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Summary dismissal of a motion to vacate is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  28 U.S.C. foll. § 2255, Rule 4(b).  For the reasons given below, the undersigned recommends that the motion to vacate be dismissed as untimely.

I.    Discussion

On May 2, 2013, Movant pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b).  [Docs. 21, 25.]  On July 11, 2013, the District Court filed its judgment sentencing Movant to ninety-seven months of imprisonment followed by a life term of supervised release.  [Doc. 25.]  Movant did not appeal.  [Doc. 34 at 1.]  Movant executed his motion to vacate on February 1, 2016.  [*Id.* at 13.]

A motion to vacate is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f).  The one-year period runs from the latest of the dates on which (1) Movant's conviction became final; (2) a Government impediment to making the motion to vacate was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims.  *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had fourteen days in which to appeal his conviction after the District Court filed its judgment on July 11, 2013.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Movant did not appeal, and the fourteen-day period expired on July 25, 2013.  Thus, Movant's conviction became final on that date, and the one-year statute

2

of limitations in § 2255(f)(1) expired on July 25, 2014.[1]  Movant executed his motion to vacate more than eighteen months late, on February 1, 2016.  Movant does not indicate that the circumstances set forth in § 2255(f)(2) and (4) apply to him.

Movant argues that § 2255(f)(3) applies to him because his sole ground for relief is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was decided on June 26, 2015.  [Doc. 34 at 4-5, 11.]  In *Johnson*, the United States Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [(ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), which concerns violent felonies,] violates the Constitution's guarantee of due process."  *Johnson*, 135 S. Ct. at 2563.  Because Movant was not sentenced under the ACCA, *Johnson* does not apply to him.  Even if *Johnson* applied to Movant, the United States Court of Appeals for the Eleventh Circuit has decided that *Johnson* "did not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court . . . ."  *In re Rivero*, 797 F.3d 986, 988 (11th Cir. 2015) (per curiam).  The undersigned concludes that § 2255(f)(3) does not apply to Movant.

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run."  *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

3

"Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). Movant is not entitled to equitable tolling because he does not raise any extraordinary circumstances that occurred during the one-year period in which he could have sought § 2255 relief.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Movant has not presented new reliable evidence demonstrating actual innocence.

Accordingly, the undersigned recommends that the motion to vacate be dismissed as untimely. Movant's requests to file a supporting memorandum within forty-five days and obtain free transcripts are **DENIED**. [*See* Doc. 34 at 14-36.]

4

II.   <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

5

A certificate of appealability should be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2255, Rule 11(a).

III.   Conclusion

Based on the foregoing, Movant's requests to file a supporting memorandum within forty-five days and obtain free transcripts [Doc. 34 at 14-36] are **DENIED**.  The undersigned **RECOMMENDS** that the motion to vacate [Doc. 34] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 22nd day of February, 2016.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

6